IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. CR 17-3237 JB

JESUS FRANCISCO FERNANDEZ,

    Defendant.

## ORDER CONTINUING TRIAL

THIS MATTER having come before the Court on Defendant's *Unopposed Motion to Continue March 5, 2018 Trial*. Doc. 23. Defendant brings this motion under 18 U.S.C. § 3161(h)(7)(A) and asserts that the ends of justice served by granting the unopposed motion for continuance outweigh the best interest of the public and the defendant in a speedy trial.

The Court having considered the motion, being fully advised in the premises and in light of the holding in *United States Toombs*, 574 F.3d 1262 (10th Cir. 2009), finds that defendant has by his motion created a sufficient record to justify granting the motion to continue. *See id.*, 574 F.3d at 1271 (requiring that the record on a motion to continue "contain an explanation of why the mere occurrence of the event identified by the party was necessitating the continuance results in the need for additional time.").

The Court finds that the continuance is necessary to allow the defendant time to complete necessary investigation into the events surrounding the arrest of his client, to allow the necessary research and possible filing of pre-trial motions, and to allow the parties sufficient time to engage in meaningful plea negotiations. The continuance is clearly in the best interest of the defendant

as it allows him to fully investigate the merits of possible motions, including a potentially dispositive motion to suppress evidence, as well as to enter into settlement negotiations with the government. The continuance is in the interest of the United States as it will tend to conserve valuable judicial resources by ensuring that Defendant has received effective assistance of counsel, and by promoting pre-trial resolution of the charges. Finally, society benefits as a continuance will allow the parties sufficient time to investigate and negotiate the case, thereby likely avoiding the expense of trial.

After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting the continuance will strike a proper balance between the ends of justice and the best interests of the public, for the reasons stated in the motion requesting the continuance, filed February 27, 2018 (Doc. 23). Specifically, the Defendant needs to conduct necessary pre-trial investigation into possible motions, and the parties need additional time to explore possible pre-trial settlement. A 60 day continuance is sufficient but not greater than necessary, for Defendant to complete the tasks set forth in the motion for continuance.

IT IS THEREFORE ORDERED

_____
United States District Judge

Submitted by:
John F. Robbenhaar, AFPD
Counsel for Defendant

After weighing the best interests of the public and of the Defendant with the ends of justice, the Court finds that granting a continuance will strike a proper balance between the ends of justice and the best interests of the public and of the Defendant for the reasons stated in the motion requesting a continuance, filed February 27, 2018 (Doc. 243. Specifically, the Defendant's need to review discovery, compete defense investigation, research and prepare pretrial motions and prepare for trial/and or negotiate a plea, outweighs the Defendant's and the public's interest in a speedy trial. See 18 U.S.C. Section 3161(h)(7). The Court will set the trial for May 4, 2018 @ 9:00 am. This 60-day continuance is sufficient, without being greater than necessary, for the Defendant to complete the tasks set forth in the motion to continue.

(trailing docket). 3/9/18