IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                            Criminal No. 13-663 MV

v.

MATTHEW GROBSTEIN,

        Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion and Supporting Memorandum for Disclosure of Impeachment Evidence within DEA Agent Jarrell Perry's Personnel File [Doc. 45] and Motion to Continue Suppression Hearing and for an Order Disclosing Agent Perry's Office of Professional Responsibility Interviews [Doc. 65]. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motions are not well-taken and will be denied.

### BACKGROUND

On March 5, 2013, the Grand Jury returned an indictment against Defendant, alleging that, on February 21, 2013, he possessed with intent to distribute 50 grams and more of methamphetamine, contrary to 21 U.S.C. Section 841(a)(1). The charges arose from an encounter between Defendant and DEA Special Agent Jarrell Perry on a Greyhound bus traveling from California to New York, during a layover in Albuquerque. During the encounter, Agent Perry searched Defendant's belongings, and found a substance later confirmed to be methamphetamine inside a false lining in Defendant's jacket.

1



Defendant filed a motion to suppress the evidence seized and all statements made during the encounter. Doc. 44. A suppression hearing is set for September 9, 2013. In support of his motion to suppress, Defendant argues that Agent Perry searched his bag without his voluntary consent. In response, the government maintains that Agent Perry searched Defendant's bag only after properly securing his consent. Because of the "he said/she said" nature of the case, Defendant argues that a key issue at the suppression hearing will be whether the Court considers Agent Perry to be a credible witness. Doc. 69 at 1.

On the motions before the Court, Defendant seeks "any and all impeachment evidence in Agent Perry's personnel file." Doc. 45. In particular, Defendant seeks any statements made by Agent Perry to the Office of Professional Responsibility ("OPR") in the course of an OPR investigation of his conduct, which was initiated after the Tenth Circuit, in *United States v. de la Campa-Rangel*, 519 F.3d 1258 (10th Cir. 2008), raised concerns about Agent Perry's seemingly contradictory sworn statements. Doc. 65. Defendant requests that the Court order the government to produce this evidence five days prior to the suppression hearing. *Id.* The government opposes Defendant's request for production of Agent Perry's personnel file, and in particular, Agent Perry's interviews with the OPR. Docs. 47, 66.

## LEGAL STANDARD

In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). The government's obligation to disclose exculpatory material attaches regardless of whether the defendant requests such material. *See United States v. Agurs*, 427 U.S. 97, 107 (1976). "[E]vidence is material only if there is a reasonable probability that, had the

evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Id.*

The Court's "materiality review does not include speculation." *Banks v. Reynolds*, 54 F.3d 1508, 1519 (10th Cir. 1995). Accordingly, "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *Id.* (citation omitted). Similarly, "[t]he constitution does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the government.'" *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (quoting *Jencks v. United States*, 353 U.S. 657, 667 (1957)).

In *Giglio v. United States*, the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. *See* 405 U.S. 150, 153 (1972). Thus, under *Giglio*, "[e]vidence affecting the credibility of government witnesses is a category of exculpatory information potentially within *Brady*'s disclosure obligation." *United States v. Bowie*, 198 F.3d 905 (D.C. Cir. 1999). Indeed, "[n]o distinction is recognized between evidence that exculpates a defendant and evidence that the defense might have used to impeach the [government's] witnesses." *Douglas v. Workman*, 560 F.3d 1156, 1172-73 (10th Cir. 2009).

In *United States v. Henthorn*, the Ninth Circuit addressed the specific issue of the government's obligations regarding personnel files of its law enforcement witnesses. 931 F.2d 29 (9th Cir. 1991). Specifically, the Court held that *Brady* requires the government to examine the personnel files of its law enforcement officer witnesses for material that could cast doubt upon their credibility. *Id.* at 30. Following the government's examination, "the files need not be

furnished to the defendant or the court unless they contain information that is or may be material to the defendant's case." *Id.* at 31. The Ninth Circuit soon thereafter clarified that the government may meet its *Henthorn* obligations by submitting an affidavit by a law enforcement officer personally familiar with the relevant facts. *See United States v. Jennings*, 960 F.2d 1488, 1491-92 (9th Cir. 1992). In *Jennings*, the Court explained that:

> Counsel for the government informs us that the Department of Justice has instituted a policy designed to implement the holding of *Henthorn*. Under this policy, the files of law enforcement officers are to be examined by the appropriate agency's attorney or his [or her] staff. The agency legal staff will notify the federal prosecutor assigned to the case if any potential *Brady* material is found, and the AUSA will then determine whether the information should be disclosed or whether an in camera review by the district court is appropriate.

*Id.* at 1492 n.3.

## DISCUSSION

Defendant asks the Court to order the government to produce "all impeachment evidence" within Agent Perry's personnel file, including but not limited to his interviews with the OPR. According to Defendant, under *Brady* and *Giglio*, he is entitled to review: Agent Perry's OPR investigation files, regardless of whether there was any formal finding of wrongdoing; any reprimands for off-duty conduct; any disciplinary review, contemplated discipline or discipline actually imposed; and civilian complaints. Defendant further argues that the results of any OPR investigation, or other investigation into misconduct by Agent Perry, constitute impeachment evidence to which he is entitled.

The government opposes Defendant's request, arguing that a defendant is not entitled to production of the entire personnel file of law enforcement witnesses. Rather, the government states, it will honor its duty under *Henthorn* and DOJ policy to review the personnel files of its law enforcement witnesses, including Agent Perry, and to the extent that those files contain

impeachment material, the government will provide those materials in the normal course of the discovery process.

Neither *Brady* nor *Giglio* entitles Defendant to production of the entirety of Agent Perry's personnel file, the OPR investigation file of Agent Perry, or even Perry's statements to the OPR contained therein, in order to search through those documents for impeachment material. As the Supreme Court has made clear, "[a] defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [government's] files. . . . [T]his Court has never held – even in the absence of a statute restricting disclosure – that a defendant alone may make the determination as to the materiality of the information." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987). Rather, "[i]n the typical case where a defendant makes only a general request for exculpatory material under [*Brady*], it is the [government] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Id.*

Here, Defendant has identified authority that raises the spectre that Agent Perry engaged in conduct that would cast doubt on his credibility, and has pinpointed specific files that he speculates may contain evidence of such misconduct. Defendant has not, however, identified exculpatory evidence that the government has withheld. This case thus calls for the usual prosecutorial examination, as contemplated by *Ritchie* and *Henthorn*. *See United States v. Brooks*, 966 F.2d 1500, 1505 (D.C. Cir. 1992).

The holding in *United States v. Kiszewski*, cited by Defendant in support of his motion, does not suggest otherwise. In *Kiszewski*, the Second Circuit remanded to the district court for an *in camera* review of specific documents within an FBI agent's personnel file only after those documents had been revealed by the prosecutor to contain complaints that the agent was "on the

take." 877 F.2d 201, 215-16 (2d Cir. 1989). Notably, *Kiszewski* was decided before *Henthorn*, and thus presumably before the DOJ implemented a policy requiring the review of personnel files for exculpatory materials.

Contrary to Defendant's contentions, it is not a foregone conclusion, simply because an OPR investigation was undertaken, that the OPR investigative file constitutes exculpatory material to which Defendant is entitled. Agent Perry's interviews, the results of the investigation, and indeed any other information in Agent Perry's files relating to complaints lodged or disciplinary action taken against him *may* include material that casts doubt on Agent Perry's credibility. But it is not the role of the Court, or the right of Defendant, to make that determination. Rather, unless and until Defendant can identify, within the categories of documents it seeks to review, specific exculpatory material that the government has withheld, it is within the sole province of the government to determine what material is exculpatory and thus subject to mandatory disclosure.

Just as the existence of an OPR investigation is not in and of itself sufficient to necessitate disclosure of Agent Perry's files, the fact that Agent Perry "maintains that he did not lie" during the course of the OPR investigation, as represented by the government in its letter to Defense counsel, is not the end of the inquiry. Doc. 65-1. The government may not rely on Agent Perry's own characterizations of his conduct in determining whether materials contained in Perry's personnel file are exculpatory. Indeed, even if Agent Perry did not engage in outright "lying," there still may be findings or other evidence of misconduct short of formal findings that equally cast doubt on Agent Perry's credibility. Semantics should not take precedence over substance. Nor does the fact that, as represented in the government's letter, the OPR determined that Agent Perry did not engage in misconduct end the inquiry. Again, despite such an ultimate finding, there may nonetheless be material in the investigative file that reasonably would cast doubt on

Agent Perry's credibility. It is the government's obligation to review Agent Perry's files to determine whether such materials exist.

Accordingly, although the Court denies Defendant's motions, the Court nonetheless directs the government to review, or have a suitably responsible person in the DEA review, all of Agent Perry's personnel files, including but not limited to any OPR investigation files, that may contain material exculpatory information casting doubt on the credibility of Agent Perry, either as a general matter or with special reference to this case. If the government finds any such exculpatory material, the government shall produce that material to Defendant in advance of the suppression hearing. In particular, if there are any ongoing investigations into Agent Perry's conduct, the government must disclose the existence of such investigations to Defendant. *See United States v. Banks*, 546 F.3d 507, 510 (7th Cir. 2008). To the extent any statements made by Defendant would be subject to disclosure pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. Section 3500, the government shall produce those statements to Defendant after Agent Perry testifies at the suppression hearing. *See* Fed. R. Crim. P. 26.2.

## CONCLUSION

Because Defendant seeks to review Agent Perry's files in order to search for impeachment material therein, Defendant's request runs afoul of controlling precedent, and thus must be denied. Nonetheless, the government must undertake its obligations under *Brady* and *Giglio* to review Agent Perry's files for impeachment evidence, and produce that evidence in advance of the suppression hearing.

**IT IS THEREFORE ORDERED** that Defendant's Motion and Supporting Memorandum for Disclosure of Impeachment Evidence within DEA Agent Jarrell Perry's Personnel File [Doc. 45] is denied, and Defendant's Motion to Continue Suppression Hearing and

for an Order Disclosing Agent Perry's Office of Professional Responsibility Interviews [Doc. 65], to the extent it seeks disclosure of impeachment material is denied, and to the extent it seeks a continuance of the suppression hearing is denied as moot, as the Court has already continued the suppression hearing.

**IT IS FURTHER ORDERED** that the government shall review, or have a suitably responsible person in the DEA review, all of Agent Perry's personnel files, including but not limited to any OPR investigation files, that may contain material exculpatory information casting doubt on the credibility of Agent Perry, either as a general matter or with special reference to this case. If the government finds any such exculpatory material, the government shall produce that material to Defendant in advance of the suppression hearing. In particular, if there are any ongoing investigations into Agent Perry's conduct, the government must disclose the existence of such investigations to Defendant. To the extent any statements made by Defendant would be subject to disclosure pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. Section 3500, the government shall produce those statements to Defendant after Agent Perry testifies at the suppression hearing.

DATED this 30th day of August, 2013.

_____
MARTHA VÁZQUEZ
United States District Judge