IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                            No. 17-CR-3237- JAP

JESUS FRANCISCO FERNANDEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

On November 28, 2018, Defendant Jesus Francisco Fernandez filed a motion asking the Court to reopen the suppression hearing held on September 19 and 26, 2018, and to reconsider the Court's denial of Defendant's motion to compel.[1] The United States opposes the Motion and it is fully briefed.[2] After considering the parties' briefs and relevant law, the Court will deny the Motion.

## BACKGROUND

On November 15, 2017, a federal grand jury returned an indictment charging Defendant Jesus Francisco Fernandez with unlawfully, knowingly and intentionally possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Doc. 10). The charge arises from an encounter Defendant had with Drug Enforcement Administration (DEA) Special Agent (SA) Jarrell Perry on a Greyhound bus during a layover at the Greyhound Bus Terminal in

---

[1] *See* MR. FERNANDEZ'S OPPOSED MOTION TO REOPEN SUPPRESSION HEARING AND RECONSIDER DENIAL OF MOTION TO COMPEL (Motion) (Doc. 129).
[2] *See* UNITED STATES' RESPONSE TO OPPOSED MOTION TO REOPEN SUPPRESSION HEARING AND RECONSIDER MOTION TO COMPEL (Response) (Doc. 145); MR. FERNANDEZ'S REPLY TO THE UNITED STATES' RESPONSE TO HIS OPPOSED MOTION TO REOPEN SUPPRESSION HEARING AND RECONSIDER DENIAL OF MOTION TO COMPEL (Reply) (Doc. 147).

Albuquerque, New Mexico on October 25, 2017. On February 12, 2018, Defendant filed a Motion to Suppress and Request for Evidentiary Hearing (Doc. 21) (Suppression Motion), asking the Court to suppress: (1) all physical evidence that Drug Enforcement Administration (DEA) agents seized from Defendant on October 25, 2017 at the Albuquerque Greyhound bus station; and (2) all post-arrest statements Defendant made to DEA agents or officers on October 25, 2017. The Court held an evidentiary hearing beginning on September 19, 2018 that continued on September 26, 2018. The Court denied the motion to suppress on October 9, 2018. (*See* Doc. 74). The factual background is fully detailed in the Court's October 9, 2018 Memorandum Opinion and Order (Doc. 74) (Suppression Order), and the Court will not repeat it here.

In preparation for trial, on October 15, 2018, Defendant filed a Motion to Compel Discovery (Doc. 76) (Motion to Compel), asking the Court to compel the United States to disclose materials relating to a DEA Office of Professional Responsibility (OPR) investigation into SA Perry that stemmed from concerns raised by the United States Court of Appeals for the Tenth Circuit regarding SA Perry's conduct and potential perjury in *United States v. de la Campa-Rangel*, 519 F.3d 1258 (10th Cir. 2008). Because SA Perry is the case agent and likely to be the chief law enforcement witness at Defendant's trial, any evidence indicating perjury or affecting SA Perry's credibility could potentially be exculpatory for *Brady* purposes and discoverable. *See U.S. v. Smith*, 534 F.3d 1211, 1222 (10th Cir. 2008) ("Impeachment evidence is exculpatory for *Brady* purposes."). On November 19, 2018, the Court granted Defendant's Motion to Compel in part and denied it in part. (*See* Memorandum Opinion and Order (Doc. 103)) (Motion to Compel Order).

In the present Motion, Defendant asks the Court to reopen the suppression hearing and, presumably, to reconsider its Memorandum Opinion and Order (Doc. 74) denying his

Suppression Motion. Defendant also asks the Court to reconsider its ruling on Defendant's Motion to Compel even though the Court granted the Motion to Compel in part.

## DISCUSSION

The Federal Rules of Criminal Procedure do not expressly recognize a motion to reconsider. *U.S. v. Christy,* 810 F. Supp. 2d 1219, 1249 (D. N.M. 2011). Nevertheless, the Tenth Circuit Court of Appeals has held that a court may grant a motion to reconsider when it "has misapprehended the facts, a party's position, or the law." *U.S. v. Huff*, 782 F. 3d 1221, 1223 (10th Cir. 2015). Specific situations where reconsideration may be warranted include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). "A district court has considerable discretion in ruling on a motion to reconsider." *Christy,* 810 F. Supp. at 1250. "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *U.S. v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "A ruling [specifically] on whether to reopen a suppression hearing is governed by principles of jurisprudence that relate to reopening proceedings, generally…[and] is within the sound discretion of the trial court." *U.S. v. Harmon*, 871 F. Supp. 2d 1125, 1145 (D. N.M. 2012) (internal quotation marks and citations omitted).

### A. Defendant's Motion to Reopen Suppression Hearing

At the hearing on Defendant's Suppression Motion, DEA Special Agents Perry and Lemmon testified that they boarded the Greyhound bus outside of the wash bay area to look at bags passengers had left onboard during a brief cleaning and maintenance layover in Albuquerque, New Mexico. Special Agents Perry and Lemmon then recounted their actions with regards to the black Protégé brand bag at issue in this case. (*See* Doc. 74 at 8). Defendant's

counsel conceded that SA Perry testified that he did not manipulate or squeeze the bag. (*See* Doc. 74 at 7, FN 3; *see also* Doc. 129 at 2 ("At the time, counsel had to concede that the agents' testimony did not explicitly suggest a violation of the parameters set forth in *Bond*.")). The Court concluded that "SA Perry's actions did not depart from the type of handling a commercial bus passenger would reasonably expect his baggage to be subjected to, and therefore did not constitute a search within the meaning of the Fourth Amendment." (Doc. 74 at 9).

Defendant refers the Court to a copy of handwritten notes made by an Assistant United States Attorney (AUSA) during an interview with Special Agent Perry in a separate case, *United States v. Ramos-Burciaga*, Case No. 17-cr-2236-WJ. These notes were attached as an exhibit to a motion in that case. The relevant portion of the notes relays that Ms. Ramos-Burciaga was traveling on a bus from Phoenix on her way to Denver. The notes indicate that "when you go to Denver you don't continue on the same bus. So the luggage goes w/ you so not possible to pre search." (Doc. 129-1, Doc. 129-2). In the third paragraph the AUSA writes "No pre search bc bag didn't stay on the bus → it was on her back…Didn't pre-search could not bc He did not have access to her bags until she gave him permission to search them." (Doc. 129-1, Doc. 129-2). Defendant contends that these handwritten notes "suggest that SA Perry's and SA Lemmon's testimony at the evidentiary hearing in this case was not truthful" and that the agents may not have been "forthright in their responses" to the Court regarding any alleged pre-search of the black Protégé bag. (Doc. 129 at 3). Accordingly, Defendant ask the Court to reopen the suppression hearing and discovery "to further explore the agents' conduct during their initial encounter with the black bag." (Doc. 129 at 4).

In its response, the United States attempts to provide context for the handwritten notes in the *Ramos-Burciaga* case. The United States claims that because of allegations from defense

counsel that SA Perry routinely pre-searches bags left on the bus, the AUSA in *Ramos-Burciaga* made specific inquiries to SA Perry about this issue and was merely noting that it would not have been possible to pre-search Ms. Ramos-Burciaga's bag because she had the luggage with her when she disembarked from the bus. In other words, SA Perry could not have pre-searched Ms. Ramos-Burciaga's bag because she took it with her. (Doc. 145 at 10). The United States argues that by taking these notes out of context, Defendant is using them as some sort of admission by SA Perry that he had otherwise intended to conduct an unconstitutional pre-search of Ms. Ramos-Burciaga's bag demonstrating that the agents were untruthful in this case about actions they took with regards to the black Protégé bag. (Doc. 145 at 10).

The Court agrees with the United States that handwritten notes made by an AUSA in a different case with a different set of facts and a different context is not new evidence that can support an inference in this case that Special Agents Perry and Lemmon were dishonest with the Court about their handling of the black Protégé bag before passengers boarded the bus. The Court heard evidence on Defendant's Suppression Motion over the course of two days, including extensive testimony from Special Agents Perry and Lemmon on direct examination, cross-examination, and in response to the Court's direct inquiries detailing their initial handling of the black bag. The Court found the agents' respective testimony credible and ultimately determined that there was no search during the agents' initial encounter with the bag. Defendant's counsel even conceded that the agents' testimony did not suggest that SA Perry unlawfully pre-searched the bag prior to the passengers reboarding the bus. These handwritten notes from an interview with SA Perry in an unrelated case is not new evidence that would alter the Court's October 9, 2018 suppression decision and do not warrant reopening the suppression hearing in this case. Accordingly, the Court will deny Defendant's request to reopen the suppression hearing.

**B. Defendant's Motion to Reconsider the Court's Denial of Motion to Compel**

On November 19, 2018, in response to Defendant's motion to compel the United States to disclose certain impeachment materials pertaining to SA Perry, the Court ordered the United States (or the appropriate person at the DEA) to search Agent Perry's personnel file for any *Brady, Giglio,* or impeachment evidence and to produce to Defendant any such material located in Agent Perry's file. (Doc. 103 at 9). However, the Court did not order a wholesale production of the requested documents "[b]ecause Defendant did not make a showing that there [was] a reasonable probability that the requested documents contain impeachment evidence by identifying specific exculpatory material." (Doc. 103 at 7). The Court's considerations in reaching this decision can be found in its November 19, 2018 Memorandum Opinion and Order (Doc. 103) and the Court will not repeat its reasoning here.

Defendant seems to suggest without any discussion or citation to legal authority that the *Ramos-Burciaga* note somehow raises the ante on whether SA Perry committed perjury in the *de la Campa Rangel* case meriting production of the materials Defendant originally requested. The Court will not revisit this issue. The Court has already mandated the United States or the appropriate person at the DEA to review Agent Perry's file and disclose to Defendant any *Brady, Giglio*, or impeachment evidence located during the review.

IT IS THEREFORE ORDERED that Mr. Fernandez's Opposed Motion to Reopen Suppression Hearing and Reconsider Denial of Motion to Compel (Doc. 129) is DENIED.

_____
THE HONORABLE JAMES A. PARKER