IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

No. 17-CR-3237 JAP

JESUS FERNANDEZ,

Defendant.

### Mr. Fernandez's Reply to the Government's Response to his Objections to the Presentence Report and Sentencing Memorandum

Jesus Fernandez, by and through his attorney, Assistant Federal Public Defender Esperanza Lujan, submits his reply to the government's response to his objections to the presentence report.

**A.   Contrary to the government's belief, the Court has the discretion not to follow the probation office's guideline calculations**.

Irrespective of the probation office's recommendation, the Court's primary sentencing directive is to fashion a sentence for Mr. Fernandez that is "sufficient, but not greater than necessary" to meet the goals and directives of the federal statutory sentencing structure. *Pepper v. United States*, 562 U.S. 476, 493 (2011). Because a term of

imprisonment necessarily may be part of a sentence, it must be imposed according to this principle. That is, it must be minimally sufficient: sufficient but not greater than necessary for the rehabilitation of the defendant and the protection of the community, to promote respect for the law and ensure just punishment and adequate deterrence. *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007) (citing *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007)). After *Booker*, and certainly after *Beckles v. United States*, 137 S.Ct. 886 (2017), the Court has the discretion not to use a guideline range that will unnecessarily subject Mr. Fernandez to a prison term greater than necessary to satisfy the statutory sentencing goals.

In *Beckles*, the Court held the guidelines are purely "advisory" and "merely guide the district court's discretion." 137 S.Ct. at 894. Although they provide advice on a particular range, they "do not constrain" the sentencing court. *Id.* Thus, the court is free to impose a sentence outside the recommended range, if, for example, it disagrees with the guidelines on policy grounds. *Id.* (citing *Pepper*, 562 U.S. at 501). The guidelines are only one factor a court considers at sentencing

and it need not give the guideline range any particular weight. *Beckles*, 137 S.Ct. at 893-94. The guidelines no longer "direct" the court's sentencing deliberations. *See* Doc. 215, government's response (relying on *United States v. Gigley*, 213 F.3d 509 (10th Cir. 2000), a pre-*Booker* decision to argue the Court must calculate the imprisonment range using the methamphetamine actual guideline).

Since the guidelines do not control a sentencing court's discretion, it "can vary from the guidelines so long as it does not do so arbitrarily and capriciously." *United States v. Worku*, 800 F.3d 1195, 1208 (10th Cir. 2015). If the Court believes it must defer to the guidelines, but still is troubled by a prison term that adds 7½ to 9½ years to the imprisonment range recommended for methamphetamine-mixture, it can vary down from the proposed prison term. A court may abandon a guideline prison term when "genuinely distinguishing factors" demarcate the case before it from the ordinary case covered by the guidelines. *United States v. Friedman*, 554 F.3d 1301, 1310 (10th Cir. 2009); *see also Kimbrough v. United States*, 552 U.S. 85, 109 (2007) ("a district court's decision to vary from the advisory Guidelines may

attract greatest respect when the sentencing judge finds a particular case 'outside the "heartland" to which the Commission intends individual Guidelines to apply.'") (quoting *Rita*, 551 U.S. at 351)). As Mr. Fernandez explained in his objections to the PSR, the Court should vary from the recommended term because it is not conceived from, nor does it effectuate, the statutory sentencing goals.

> 1. **The government does not establish that the methamphetamine guideline was derived from the Sentencing Commission's exercise of its characteristic institutional role of basing its determinations on empirical data and national experience**.

The government makes no effort to respond substantively to Mr. Fernandez's arguments that the higher offense level for methamphetamine actual is unwarranted because it is based on flawed assumptions and results in an arbitrarily-inflated sentence. Rather than prove that the methamphetamine actual guideline is grounded in empiricism, the government cites to cases which demonstrate the actual base offense level was not developed from empirical data and national experience.

The cases the government cites, *Baez*, *Davis* and *Kort* all rely on a premise devised by the Commission which has been refuted. In each decision, the courts presumed correct, the Commission's suggestion that a higher purity establishes a more significant role for the accused because drugs are diluted as they pass down the distribution change. Doc 215 at 8-9. That suggestion is factually inaccurate and thus, without legal value. Since sentencing in those cases, data from the DEA shows across the United States and across all levels of distribution, methamphetamine seized by law enforcement on average is 93% pure. DEA, 2017 National Drug Threat Assessment 70 (Oct. 2017). Additionally, methamphetamine's price per gram has dropped 377%. The sentence the Court imposes should not be grounded on an unsound presumption of blameworthiness.

> **2. If the government believes Mr. Fernandez is more than a low-level courier, neither its trial evidence nor any other evidence it has proves that is so.**

In *United States v. Ibarra*, District Judge Brack rejected the methamphetamine actual guidelines in part because a drug's purity did not categorically prove the accused had a more prominent role in the

organization. 265 F.Supp.3d 1249, 1255 (D.N.M. 2017). Judge Brack noted that Ibarra "neither played a prominent role in the drug enterprise, nor was he in close proximity to the source of the drugs – he was a low level courier who didn't even know what drug he was transporting." *Id.* at 1250. He used the methamphetamine mixture guidelines because he refused to give Ibarra a sentence that was "intended for high-level criminals." *Id.* Mr. Fernandez pointed out that the government's trial evidence demonstrated, that his role, like Ibarra's was necessarily circumscribed.

In its response, the government "assumes" Mr. Fernandez's role was greater, but offers only speculation as support. Doc. 215 at 11-12. Without any evidence, it alleges "it is fair to assume [he] had a more prominent role . . . than that of a simple courier." Similarly, it contends, Mr. Fernandez "certainly realized that he was dealing with a sophisticated interstate trafficking organization." It points to nothing in the record which would establish such knowledge. The government's allegations lack a "minimal indicium of reliability beyond mere allegation." *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984).

If this Court accepts its speculation, it uses allegations that are unreliable and those allegations become part of the foundation on which the sentence is based.  Using those allegations to punish Mr. Fernandez more severely will violate his right to due process.  The inference stacking the government employs to support its claim highlights this unfairness.

Its argument that Mr. Fernandez is not a low level courier is based on speculation and not on proven facts.  An inference is only reasonable where there exists a "probability that the conclusion flows from proven facts." *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995).  A "'reasonable' inference is one that is supported by a chain of logic, rather than, as in this case, mere speculation dressed up in the guise of evidence." *Juan H. v. Allen*, 408 F.2d 1262, 1277 (9th Cir. 2005); *see also United States v. Ceballos*, 340 F.3d 115, 125 (9th Cir. 2003) (inferences must be based on evidence).  Government agents testified they found packages of methamphetamine wrapped in obscured material inside a bag they alleged belonged to Mr. Fernandez. They found nothing else which demonstrated a greater degree of

involvement in an organization. Any other conclusion drawn from this fact is speculative because it would not be derived from a fact in the record. *See United States v. Rahseparian*, 231 F.3d 1257, 1262 (10th Cir. 2000) ("an inference is reasonable only where there exists a probability that the conclusion flows from the proven facts"); *see also United States v. White Eagle*, 721 F.3d 1108, 1119 (9th Cir. 2013) (a chain of events that requires "hypothesis heaped on hypothesis" is not adequate evidence for a conviction); *Cf. Goldhirsh Group, Inc. v. Alpert*, 107 F.3d 105, 108 (2d Cir.1997) (an inference is reasonable only when it is derived from proven facts and an allegation that something was "likely" is not proof that it happened).

    This absence of any other evidence is indicative of the lack of discretion and responsibility Mr. Fernandez had during the criminal activity. Additionally, there is no evidence Mr. Fernandez benefitted from the criminal activity. Nor is there proof that he had a proprietary interest in the overall criminal activity. There is not even evidence he was compensated for anything he did or was assigned to do. The agents who searched him did not mention any money. His

limited role was confirmed by the government's investigation: its agents' reports and testimony did not show that he was the owner/seller of the drugs; nor the man who negotiated their sale and purchase; nor the one trusted to import and carry bulk amounts overland. Those people were more trusted by and involved in the organization. They, not Mr. Fernandez, stood to profit from the trafficking enterprise. Given the record, the Court, also should refuse to impose a sentence that was intended for offenders at a much higher level than Mr. Fernandez.

**Conclusion**

For reasons presented here and in his objections to the presentence report, Mr. Fernandez requests a prison term of no more than 120 months.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd. NW, Suite 501
Albuquerque, New Mexico 87102
(505) 3462489

By:   *s/Esperanza Lujan*
       Esperanza Lujan
       Assistant Federal Public Defender

## Certificate of Service

I hereby certify that a true copy of the foregoing pleading was filed using the Court's electronic filing system, which caused notice to be served on AUSA Samuel Hurtado on this 27th day of June, 2019. A copy was also provided to Michael J. Bartholomew, United States Probation Officer.

<em>s/Esperanza Lujan</em><br>
Esperanza Lujan