# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                               Cr. No. 17-3237 JAP

JESUS FRANCISCO FERNANDEZ,

    Defendant.

## AMENDED
## MEMORANDUM ORDER AND OPINION

On November 8, 2019, Defendant Fernandez filed a *pro se* motion, MOTION TO CHALLENGING JURY GUILTY FOR ACTUAL POSSESSION OR CONSTRUCTIVE POSSESSION SINCE THE LAW RECOGNIZES TWO KIND ("Pro Se Motion") (Doc. No. 225). In response, the United States filed GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S PRO SE PLEADING ("Motion to Strike") (Doc. No. 226). On November 13, 2019, the Court wrote a letter to Defendant's counsel requesting counsel, if she deemed appropriate, to file a motion that clearly sets forth the relief the Defendant seeks in his Pro Se Motion. The Court set a November 25, 2019, deadline to file this potential motion. On November 25, 2019, Defendant's counsel filed DEFENDANT'S MOTION FOR A BELOW GUIDELINE SENTENCE (Doc. No. 229) clarifying the relief Defendant requested in his Pro Se Motion.

Defendant's Pro Se Motion fails to coherently identify the relief sought and the grounds on which that relief could be granted. Furthermore, the Court need not address *pro se* supplemental filings when a defendant is represented by competent counsel. *See*, *e.g.*, *United States v. Hildreth*, 485 F.3d 1120, 1125 (10th Cir. 2007). Defendant is adequately represented by counsel, and the

Motion for a Below Guideline Sentence encompasses the relief sought by Defendant's Pro Se Motion. The Court will deny the duplicative and unnecessary Pro Se Motion.

The United States, however, has not shown how the Court may strike the Pro Se Motion from the record. The Federal Rules of Criminal Procedure do not provide an avenue for motions to strike non-indictment filings, *see* Fed. R. Crim. P. 7(a), and to the extent courts have allowed other motions to strike, Federal Rule of Civil Procedure 12(f) guides the applicable standards. *See United States v. Garcia*, 221 F. Supp. 3d 1275, 1288 (D.N.M. 2016). "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda; only motions to strike unsigned papers under Rule 11, third-party claims under Rule 14(a), and certain matters in pleadings under Rule 12(f) are contemplated by the Federal Rules of Civil Procedure." *Searcy v. Soc. Sec. Admin.*, 1992 WL 43490 at *2 (10th Cir. 1992) (unpublished). Because "[m]otions and memoranda are not included within the definition of 'pleading' under F.R.C.P. 7(a)[,]" a court may not strike an entire motion from the record. *Id*. Accordingly, the Court will not strike the Pro Se Motion from the record.

IT IS THEREFORE ORDERED that Defendant's MOTION TO CHALLENGING JURY GUILTY FOR ACTUAL POSSESSION OR CONSTRUCTIVE POSSESSION SINCE THE LAW RECOGNIZES TWO KIND (Doc. No. 225) is DENIED and the GOVERNMENT'S MOTION TO STRIKE DEFENDANT'S PRO SE PLEADING (Doc. No. 226) is DENIED. The United States must file a response to DEFENDANT'S MOTION FOR A BELOW GUIDELINE SENTENCE (Doc. No. 229) by December 30, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE