IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                    No. 1:17-cr-3237- WJ

JESUS FRANCISCO FERNANDEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S REQUEST FOR COMPASSIONATE RELEASE**

**THIS MATTER** comes before the Court upon Defendant's *pro se*[1] Reduction in Sentence Application **[Doc. 278]** ("Application") and the United States' Response in opposition to the Application **[Doc. 281]**. The Court, having reviewed the pleadings and applicable law, concludes that Jose Francisco Fernandez has failed to demonstrate that he exhausted his administrative remedies and the circumstances presented by Mr. Fernandez do not rise to the extraordinary and compelling level required by statute. His request for a compassionate release is **DENIED**.

**BACKGROUND**

The criminal proceedings against Mr. Fernandez were instituted by complaint on October 26, 2017. **[Doc. 1]**. A grand jury handed down an Indictment on November 15, 2017, charging Mr. Fernandez with one count of knowingly and intentionally possessing with intent to distribute a controlled substance, 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). **[Doc. 10 at**

---

[1] Because Mr. Fernandez appears *pro se*, the "rule of liberal construction" applies—meaning the Court must construe his pleading liberally (without, however, assuming the role of advocate). *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010) (Holmes, J.).

1

**1]**.  Following trial, a jury convicted Mr. Fernandez on March 20, 2019.  **[Doc. 189]**.  The trial Judge sentenced Mr. Fernandez to 180 months of imprisonment, followed by 5 years of supervised release.  **[Doc. 249]**.  Judgment was entered on Mr. Fernandez's conviction and sentence on July 21, 2020.  **[Doc. 250]**.

Following appeal, the conviction and sentence were affirmed by the United States Court of Appeals for the Tenth Circuit. **[Doc. 268]**.  The United States Supreme Court denied certiorari on October 11, 2022.  **[Doc. 270]**.  Mr. Fernandez then filed a §2255 motion to vacate, set aside, or modify his conviction and sentence.  **[Doc. 271]**.  The § 2255 motion was denied by Memorandum Opinion and Order entered July 10, 2024.  **[Doc. 276]**.

Mr. Fernandez then filed his Application for compassionate release on August 28, 2025.  **[Doc. 278]**.  The United States filed its Sealed Response to Defendant's Motion for Compassionate Release on September 5, 2025.  **[Doc. 281]**.  The United States opposes the request for compassionate release on the grounds that Mr. Fernandez has failed to exhaust administrative remedies and has not shown extraordinary and compelling circumstances for compassionate release.  No reply to the United States Response was filed.

## DISCUSSION

### I. Compassionate Release Legal Standard

As a threshold matter, a prisoner seeking compassionate release must have satisfied § 3582's administrative exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A). Then, after reviewing for administrative exhaustion, a district court may grant a motion for compassionate release if three requirements are met: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the Court considers the § 3553(a) factors, to the extent they are applicable.

*See United States v. Wesley*, 78 F.4th 1221, 1227 (10th Cir. 2023) (citing *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021)).

Granting a motion for compassionate release requires the district court to "'address all three steps.'" *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (quoting *McGee*, 992 F.3d at 1043). But a district court may deny a compassionate release motion based on lack of any of the three prerequisites listed in § 3582(c)(1)(A) without addressing the other prerequisites. *See United States v. Bradley*, 97 F.4th 1214, 1218 (10th Cir. 2024) (quoting *McGee*, 992 F.3d at 1043).

**II. Mr. Fernandez's Request for Compassionate Release**

As explained below, Mr. Fernandez has failed to demonstrate exhaustion of his administrative remedies and failed to show extraordinary and compelling reasons sufficient to justify compassionate release. The Court—in its "substantial discretion"—denies his request for a compassionate release. *Hald*, 8 F.4th at 938 n.4; *see also Wesley*, 78 F.4th at 1228 (noting circuit precedent confirms that district courts have substantial discretion). Further, the seriousness of his underlying convictions, his lack of respect for the law, dangerousness to the community, and the need to deter future misconduct weigh against any such release.

    **A.** *Exhaustion of administrative rights*

A court may not modify a term of imprisonment unless a Defendant has fully exhausted all administrative rights. Defendant bears the burden of establishing that he has exhausted all administrative rights. 18 U.S.C. § 3582(c)(1)(A); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

The Court finds Mr. Fernandez has not demonstrated that he exhausted his administrative remedies prior to filing his Application. In fact, his Application does not even address exhaustion.

**[Doc. 278 at 1]**. The Court denies his Application based on his failure to establish the threshold requirement of exhaustion of administrative remedies. 18 U.S.C. § 3582(c)(1)(A).

### B. *Absence of extraordinary and compelling reasons*

Further, even if Mr. Fernandez had established exhaustion of administrative remedies, his Application does not demonstrate the type of extraordinary and compelling reasons that justify compassionate release. Therefore, alternatively, the Court denies the Application based on Defendant's failure to establish extraordinary and compelling reasons for compassionate release.

In 2024, the Sentencing Commission updated its policy statement concerning compassionate release. *See United States v. Molina*, 2024 U.S. App. LEXIS 6371, at *3 (10th Cir. Mar. 18, 2024) (unpublished); U.S. SENT'G COMM'N, GUIDELINES MANUAL (Nov. 2023); *cf.* USSG § 1B1.13. There are now six listed categories of extraordinary and compelling reasons. *See* USSG §§ 1B1.13(b)(1)–(6). Generally speaking those categories are: (1) medical circumstances, (2) old age of the Defendant, (3) death or incapacitation in Defendant's family, (4) abuse by a correctional officer, (5) "other reasons" that are "similar in gravity" to the first four, and (6) if a Defendant received "an unusually long sentence and has served at least 10 years of the term of imprisonment." *Id.* It is through this lens that the Court evaluates Mr. Gray's motion under USSG § 1B1.13(b)(5) and (6). *See* **Doc. 52 at 1–2**.

Mr. Fernandez claims two categories of extraordinary and compelling circumstances:

"Debilitated Medical Condition—Illness that has you partially (50%) or completely (100%) disabled. . .

Elderly with a Medical Condition—65 yrs. old or older, a deteriorating medical condition, served 50% of your sentence."

**[Doc. 278 at 1]**. For his description of his medical condition or extraordinary and compelling circumstances, Mr. Fernandez states "Heart Problems, Blood presion (sic), Bad Back, PreDiabetic

4

and Prostate Issues." **[Doc. 278 at 1]**. There is no further discussion of his medical conditions, nor are there any medical records attached to his Application.

The United States argues that the claimed medical conditions do not constitute extraordinary or compelling reasons to support compassionate release. **[Doc. 281 at 5]**. The materials attached to the United States' Response show that the conditions Mr. Fernandez claims existed at the time of sentencing, five years ago and remain unchanged and that he is receiving medical care for those conditions at the BOP. **[Doc. 281 at 5 and Exhibits 3-5]**.

Without minimizing Mr. Fernandez's health concerns, these ailments are not enough, though—as compassionate release for medical conditions is to be treated as a rare event. *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019). The Sentencing Commission's policy statement identifies two categories of medical conditions that fit into the "extraordinary and compelling" category. First, terminal illnesses. USSG § 1B1.13(b)(1)(A). Clearly Mr. Fernandez does not fit in here. The second category involves "serious" physical conditions. USSG § 1B1.13(b)(1)(B). Although the Court is not minimizing his ailments, Mr. Fernandez has not shown that he is in such deteriorating physical or mental health to fall into the purview of USSG § 1B1.13(b)(1). Accordingly, the Court does not find that Mr. Fernandez's medical conditions constitute extraordinary and compelling circumstances sufficient to warrant compassionate release.

### C. *Danger to the Community*

The United States also argues that Mr. Fernandez is not eligible for compassionate release because he cannot show he is not a danger to the community. **[Doc. 281 at 5-6]**. Even if the defendant suffers from serious medical conditions, a defendant is generally not eligible for compassionate release if the defendant presents a danger to the community were he to be released.

*See, e.g., United States v. Texeira-Nieves,* 23 F.4th 48 (1st Cir. 2022); *United Sates v. Page,* 859 F. App'x 635 (3rd Cir. 2021); *United States v. Ikehara,* 2020 WL 3065104 (D. Hawaii 2020); *United States v. Brant,* 2020 WL 3605282 (E.D. Mich 2020); *United States v. Mack,* 2020 WL 4012837 (N.D. Ohio 2020). Defendant's current sentence is for possession with intent to distribute a mixture and substance containing methamphetamine. In addition, Defendant Fernandez has a lengthy criminal history including numerous drug offenses, weapons offenses, resisting arrest, burglary, assault, unauthorized use of a vehicle, and domestic violence. **[Doc. 281 at 5-6].** In addition to denying his Application based on failure to exhaust and lack of extraordinary and compelling reasons, the Court finds that Defendant Fernandez has failed to establish he would not be a danger to the community if he was granted compassionate release.

### D. *Section 3553(a) factors*

The United States also argues that the sentencing factors of Section 3553(a) support Mr. Fernandez's existing sentence and do not favor compassionate release in his case. **[Doc. 281 at 7-8]**. Upon review of the Section 3553(a) factors, the Court agrees with the United States.

First, the nature and circumstances of the offense do not favor compassionate release. As noted, Mr. Fernandez's current conviction is for possession with intent to distribute a mixture and substance containing methamphetamine. Defendant was transporting approximately 3.1 kilograms of methamphetamine with a purity level of 96%. This quantity of methamphetamine constitutes approximately 31,000 tenth-of-a-gram "hits" of a highly addictive and destructive substance. **[Doc. 281 at 7].** The nature and circumstances of this offense weight against compassionate release in this case.

Second, the Defendant's history and characteristics do not favor compassionate release. As set out, above, Defendant has a lengthy criminal history, beginning in 1981 when Defendant

was age 21, including three convictions for felony drug offenses. **[PSR, Part B ¶¶ 26-30, 36-52]**; **[Doc. 281 at 7]**. Further, the record suggests Defendant had the same medical conditions he currently raises when he engaged in the conduct underlying his current conviction. **[Doc. 281 at 4-5, 7]**. Further, Defendant appears to be able to receive adequate medical care and treatment for his conditions from the BOP. **[Doc. 281 at 4-5, 7]**. The history and characteristics of the Defendant weigh against compassionate release in this case.

Last, the seriousness of the offense and the fact that Defendant's sentence is already below the guideline range do not favor compassionate release. Mr. Fernandez was sentenced to 180 months of imprisonment, followed by 5 years of supervised release. **[Doc. 249]**. The guideline range in this case was 262 to 327 months. **[Doc. 281 at 8].** Given the amount of methamphetamine involved and the need to deter future misconduct, the seriousness of the offense does not favor compassionate release.

In sum, even if the Court had not denied the Application based on failure to exhaust and lack of extraordinary and compelling circumstances, the sentencing factors of Section 3553(a), including the seriousness of Mr. Fernandez's underlying conviction, his lack of respect for the law as demonstrated by his lengthy criminal history, and the need to deter future misconduct, weigh against granting Mr. Fernandez's Application for compassionate release.

## CONCLUSION

The Court finds that Mr. Fernandez has failed to establish that he exhausted his administrative remedies. Further, the circumstances presented by Mr. Fernandez do not rise to the extraordinary and compelling level for granting a compassionate release. Additionally, the Court's individualized evaluation of the Section 3553(a) factors and the Sentencing Commission's policy statements do not support Mr. Fernandez's request.

**IT IS HEREBY ORDERED** that Defendant Jesus Francisco Fernandez's Reduction in Sentence Application **[Doc. 278]** is **DENIED** and the sentence imposed on July 21, 2020, **[Doc. 250]** remains in effect.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE